UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIQIAN HU,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.:  3:26-cv-00946-RBM-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 2]** |

Before the Court are Petitioner Yiqian Hu's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Application for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED as moot**.

## I.     BACKGROUND

**A.     Factual Background**

Petitioner is a citizen of China who entered the United States in or around June 2023 without inspection.  (Doc. 1 ¶¶ 4, 16.)[1]  On or around June 5, 2023, she was released from Immigration and Customs Enforcement ("ICE") custody "pursuant to an Order of Release on Recognizance under 8 U.S.C. § 1226."  (*Id.* ¶ 17.)  That same day, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging her as

---

[1]  The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for other filings unless otherwise noted.

inadmissible under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.*) "Following her release, Petitioner resided continuously in California and complied with the reporting requirements and all other terms set forth in the Order of Release on Recognizance." (*Id.* ¶ 19.) On or about May 29, 2025, ICE agents detained Petitioner when she was attending a gathering with friends. (*Id.* ¶ 22.) On November 10, 2025, an immigration judge ordered Petitioner removed. (*Id.* ¶ 21.) Petitioner appealed that decision to the Board of Immigration Appeals, and that appeal remains pending. (*Id.*)[2] To date, she has not been provided with a bond hearing. (*Id.* ¶ 24.)

**B.     Procedural Background**

On February 13, 2026, Petitioner filed the Petition. (Doc. 1.) On February 18, 2026, she filed the TRO Motion. (Doc. 2). Shortly thereafter, the Court issued an Order to Show Cause and set a briefing schedule. (Doc. 3.) On February 23, 2026, Respondents filed their Response to Petition ("Response"). (Doc. 5.) On February 24, 2026, Petitioner filed her Reply to Respondents' Response to Petition ("Reply"). (Doc. 6.)

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

---

[2] The effect of this appeal is that the removal order is not administratively final. *See* 8 U.S.C. § 1231(a)(1)(B); *Muhammad A. v. Noem*, No. 1:26-cv-00950-KES-SKO (HC), 2026 WL 395900, at *1 (E.D. Cal. Feb. 12, 2026).

3:26-cv-00946-RBM-SBC

### III.   <u>**DISCUSSION**</u>

Petitioner claims that her detention violates the INA, the Fifth Amendment's Due Process Clause, and the court's orders in *Bautista v. Santacruz*.[3]  (Doc. 1 ¶¶ 25–44.) Respondents concede "that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing," and argue only that Petitioner is not a member of the class certified in *Bautista* because Petitioner was apprehended upon arrival.  (Doc. 5 at 2.)  But Petitioner argues that the Court should order her immediate release.  (Doc. 1, Prayer for Relief ¶ 4; Doc. 6 at 2–3.)  Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.  The Court next addresses whether Petitioner is entitled to immediate release.[4]

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court applies the three-part test in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court must consider: (1) "the private interest that will be affected by the official action;" (2) the "risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would

---

[3]  *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

[4]  The Court notes that Respondents did not respond to Petitioner's argument that immediate release is proper.  "Generally, a party waives argument when it fails to respond to an argument made to the court." *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025) (citing *United States v. Caceres-Olla*, 738 F.3d 1051, 1053 n.1 (9th Cir. 2013)).  Therefore, this alone may be grounds to grant Petitioner's immediate release.

3:26-cv-00946-RBM-SBC

entail." *Id.* at 335.

The Court has granted several habeas petitions filed by similarly situated petitioners. For example, in *Faizyan v. Casey*, the Court applied the *Mathews* test and found that the respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." Case No.: 3:25-cv-02884-BM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *accord C.A.R.V. v. Wofford*, Case No. 1:25-CV-01395, JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where the petitioner was originally released on an order of release on own recognizance). Here, like in *Faizyan*, Petitioner was released on her own recognizance and lived in the United States for over two years before being re-detained. (Doc. 1 ¶ 19.) The Court adopts its reasoning in *Faizyan* and applies it here. For those same reasons, ICE's revocation of Petitioner's release on her own recognizance without a pre-deprivation hearing violates her due process rights.

The Court thus concludes that due process requires Petitioner to be released from custody and receive a bond hearing before an immigration judge before she can be re-detained. To the extent Respondents argue that Petitioner is entitled only to a bond hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, [s]he will already have suffered the injury [s]he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, [s]he will have already suffered the harm that is the subject of h[er] motion; that is, h[er] potentially erroneous detention.").

## IV.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **GRANTED**.    Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of her preexisting Order of Release on Recognizance.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive notice of the reasons for revocation of her parole and a hearing before an immigration judge to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[5] that Petitioner poses a danger to the community or a risk of flight.

3. The TRO Motion (Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATE:  February 25, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[5] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings*, 583 U.S. 281 (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

5